[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15362

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-00189-CV-1-SPM-AK

FORUM ARCHITECTS LLC,
a Limited Liability Corporation,

Plaintiff-Appellant,

versus

REBECCA JETTON, Individually,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 4, 2010)

Before BLACK, MARTIN and COX, Circuit Judges.

PER CURIAM:

This appeal arises out of a zoning dispute in Yankeetown, Florida. Forum

Architects, LLC ("Forum Architects") sued Rebecca Jetton ("Jetton"), a zoning

official, alleging that she tortiously interfered with Forum Architects' contractual relationship with Isaac Walton Investors, LLC ("Isaac"), when Jetton reviewed and denied various zoning permit applications. The district court granted summary judgment in favor of Jetton, finding that she properly exercised her duty as Yankeetown's zoning official to review and deny the zoning applications. Forum Architects appeals.

The facts in this case are relatively straightforward. Isaac, Forum Architects' real estate development partner, submitted six zoning applications to Yankeetown that were to be reviewed for zoning compliance. The zoning applications were reviewed by two different zoning officials. The first reviewer, Stanley Moore, resigned the day after the applications were submitted, although he was asked to continue as the zoning official through May 31, 2006. On that day, Moore submitted two memoranda and a monthly report to the Town Council, identifying deficiencies in the applications, most notably that requisite fees remained unpaid. Moore did not sign or date the certificate of zoning compliance (the "9-21-1 forms"). On August 17, 2006, Moore sent a letter to Yankeetown, demanding payment for the work he performed in connection with Isaac's zoning applications. Although Moore's letter stated that the applications were

2

"approved" in May 2006, no documentation verifying such approval accompanied his letter.

Defendant Jetton was the second official to review Isaac's zoning applications. She began work as Yankeetown's zoning official on January 3, 2007. On January 25, 2007, Jetton denied five of Isaac's permit applications and approved one. Forum Architects and Isaac contend that the denial was motivated by political opposition to the development project.

After Jetton denied five of Isaac's six developmental applications, Isaac challenged her denials in the Town's Board of Adjustment, the appellate body responsible for hearing appeals of the town's zoning decisions. The Board rejected Isaac's challenge. Isaac then sought review in the Florida circuit court, and eventually in the Florida court of appeals. Both courts rejected Isaac's challenges to Jetton's zoning decision.

Forum Architects filed this federal lawsuit, alleging that Jetton tortiously interfered with its contractual relationship with Isaac. The district court granted summary judgment in favor of Jetton, finding that Forum Architects' claim for tortious interference failed as a matter of law because Jetton was justified in reviewing the zoning applications and approving or denying such applications on the basis of her findings.

We review de novo the district court's grant of summary judgment and apply the same standards used by the district court. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276-77 (11th Cir. 2001). All evidence and factual inferences reasonably drawn from the evidence are viewed in the light most favorable to the non-moving party. *Id.* at 1277. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

"The elements of tortious interference with a business relationship are (1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (citation and internal quotation marks omitted).

Forum Architects argues that summary judgment is not appropriate on its claim for tortious interference with contractual relations because an issue of fact exists as to whether Jetton was justified in reviewing and denying Isaac's zoning

applications. According to Forum Architects, Stanley Moore completed and approved Isaac's zoning applications by late May 2006. After Moore approved these applications, it argues, Jetton "re-reviewed" and denied them. Forum Architects contends that this re-review, which was allegedly motivated by an anti-development political climate, qualifies as an intentional and unjustified interference with Forum Architects' relationship with Isaac. To show that Moore's review of the zoning applications was complete (and presumably that Jetton's review was unjustified), Forum Architects points to the following evidence: (1) Jim Sherwood, the managing member of Isaac, testified through affidavit that Moore told him five of the six applications had been approved by late May of 2006; and (2) Gail Easley, an expert in the field of community planning, testified through affidavit that Jetton re-reviewed Moore's approval of the Isaac applications. According to Forum Architects, this evidence creates an issue of fact as to whether Moore's review of the applications was complete, and whether Jetton was justified in reviewing them.

We disagree. The district court correctly concluded that Jetton was justified in reviewing the zoning applications and approving or denying such applications on the basis of her findings. Contrary to Forum Architects' contention, there is no genuine issue of fact as to whether Moore completed his review of the permit

5

applications. Moore's monthly report states the Isaac review is still "in progress, subject to change and a final fee has not been set." (R. 83-3.) Further, it is undisputed that Moore did not sign or date the certificate of zoning compliance (the "9-21-1 forms"). These forms were not signed until Jetton completed her review. Accordingly, the district court properly granted summary judgment in favor of Jetton.

We also conclude that the district court did not abuse its discretion in denying Forum Architects' motion to reconsider and declining to consider evidence submitted after summary judgment was entered. After summary judgment was entered against it, Forum Architects filed a motion for reconsideration and submitted evidence that purportedly provided proof that Moore's review of the zoning applications was complete, including: (1) Moore's own affidavit stating that he completed review of the Isaac applications by the end of May 2006; and (2) the transcript of a Yankeetown Emergency Board meeting that purportedly shows that Moore completed his review. Motions for reconsideration are not to be used "to raise arguments which could, and should, have been made before the judgment is issued." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citation omitted). "A district court's denial of reconsideration is especially soundly exercised when the party has failed to

6

articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Id.* (citation omitted).  Here, Forum Architects' post-judgment evidence was available before summary judgment was entered, and Forum Architects provides no reason for its failure to submit the evidence in a timely manner.  The district court clearly did not abuse its discretion in declining to consider the evidence.

AFFIRMED.